IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| YVONNE NELSON, | : | |
| Plaintiff, | : | |
| vs. | : | NO. 5:06-CV-375(CAR) |
| LEONARD BOYCE, KAREN JOHNSON, RICHARD MACIAS, and JOHN TWIGG, | : | |
| Defendants. | : | |

**ORDER ON PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Before the Court is Plaintiff's Motion to Appoint Counsel (doc. 7). For the reasons listed below, Plaintiff's motion is **DENIED.**

The appointment of counsel in a civil case is a privilege and not a constitutional right. ***Poole v. Lambert***, 819 F.2d 1025, 1027 (11th Cir. 1987). This privilege is "justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." ***Id.*** With regard to a request for court appointed counsel in a civil case, "[t]he district court has broad discretion in making this decision." ***Bass v. Perrin***, 170 F.3d 1312, 1320 (11th Cir. 1999); *see also* 28 U.S.C.A. §1915(e)(1). A key consideration for the district court is "whether the pro se litigant needs help in presenting the essential merits of his or her position to the court" and "where the facts and issues are simple, he or she usually will not need such help." ***Kilgo v. Ricks***, 983 F.2d 189, 193 (11th Cir. 1993). In deciding the simplicity of the facts and issues, it is important to note whether the "core facts of the case are in dispute" and whether the "legal claims are straightforward ." ***Bass***, 170 F.3d at 1320. Even though "litigants undoubtedly would [be] helped by the assistance of a lawyer," if their case is not "unusual" or the circumstances "exceptional" then the district court does not abuse its discretion in denying

court appointed counsel. *Id.*

In this case, Plaintiff alleges Defendants breached a settlement agreement. Plaintiff further alleges Defendants discriminated against, and wrongfully terminated, her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Plaintiff's Complaint does not present a set of facts that are so unusual or exceptional so as to warrant the appointment of counsel in this case. The facts underlying Plaintiff's breach-of-contract claim appear to be relatively simple, as do the facts supporting her discrimination claim. The substantive law governing these claims is similarly straightforward. Moreover, the fact that the merits of Plaintiff's claims are highly questionable also counsels against appointing counsel for her. The Equal Employment Opportunity Commission has already found that Defendants did not breach the settlement agreement, and Plaintiff's discrimination claim appears to be largely based on the "harassing messages" one or more of Defendants sent to her. (Compl. 2.) In sum, the Court finds no justification for the appointment of counsel in Plaintiff's case. Accordingly, Plaintiff's Motion to Appoint Counsel (doc. 7) is **DENIED**.

**SO ORDERED**, this 9th day of May, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

JAB/ssh